United States v. Mazza

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        BARRINGTON D. PARKER,
        REENA RAGGI,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
      <u>Appellee</u>,

      **-v.-**                  15-2394

CHEYNE MAZZA,
      <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      JAMES P. MAGUIRE, Assistant
                         Federal Public Defender, <u>for</u>
                         Terence S. Ward, Federal Defender,
                         New Haven, CT.

**FOR APPELLEE:**                    MICHAEL E. RUNOWICZ (Marc H. Silverman, on the brief), Assistant United States Attorney, for Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and **REMANDED.**

Cheyne Mazza appeals from the judgment of the United States District Court for the District of Connecticut (Bryant, J.) denying Mazza's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Mazza was convicted of conspiracy to manufacture and possess with intent to distribute over 1000 marijuana plants. At sentencing, the district court calculated Mazza's guidelines range to be 135-168 months' imprisonment. The district court principally sentenced Mazza to 168 months' imprisonment, and we affirmed. United States v. Mazza, 503 F. App'x 9, 10 (2d Cir. Nov. 15, 2012) (summary order).

Once Amendment 782 to the United States Sentencing Guidelines was made retroactive, the United States Probation Office filed a presentence report addendum (the "Addendum") stating that Mazza qualified for a sentence reduction with an amended guideline range of 108-135 months' imprisonment. The Addendum also described six disciplinary infractions that Mazza had committed while serving his federal prison sentence: possessing a hazardous tool, being in an unauthorized area, assaulting without injury, and phone abuse (on three occasions).

After the Addendum was filed, Mazza moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). He did not dispute the

six disciplinary infractions outlined in the Addendum, but argued that the district court should nonetheless exercise its discretion to reduce his sentence from 168 months to 108 months. The government acknowledged Mazza's eligibility, but opposed the motion principally on the ground of Mazza's post-conviction conduct in prison. The district court denied the motion based on an application of the 18 U.S.C. § 3553(a) factors and observed that "[t]he defendant's behavior in prison demonstrates a continued need to protect the public and a lack of respect for the law." S.A. 152. Mazza appealed.

**1.** When considering a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a district court must first determine whether the defendant is eligible for a reduction. United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013). If so, the district court may exercise discretion to reduce the original sentence, but only after considering the applicable 18 U.S.C. § 3553(a) factors, id., and "the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise," United States v. Rivera, 662 F.3d 166, 170 (2d Cir. 2011). A § 3582(c)(2) motion does not entail a plenary resentencing; § 3582(c)(2) only authorizes a limited modification of the original sentence. Dillon v. United States, 560 U.S. 817, 825-27 (2010). Once a district court has made its decision on a § 3582(c)(2) motion, it must include "at least some minimal statement of reasons for [its] action" so that we can provide meaningful appellate review. Christie, 736 F.3d at 197. We review for abuse of discretion a district court's decision on a motion for a sentence reduction pursuant to § 3582(c)(2). United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009).

Because Mazza was eligible for a reduced sentence, the only issue is whether the district court abused its discretion in denying the § 3582(c)(2) motion and maintaining the sentence of 168 months' imprisonment. True, a defendant's post-sentencing behavior can be a proper and sufficient basis on which to deny a sentence reduction. See, e.g., United States v. Wilson, 716 F.3d 50, 53 (2d Cir. 2013) (per curiam); United States v. Figueroa, 714 F.3d 757, 761 (2d Cir. 2013) (per curiam). Here, however, the record is not sufficiently developed for us to engage in a meaningful appellate review of

3

whether Mazza's post-sentencing conduct could support the district court's decision.  Accordingly, we vacate solely on the ground that the record was insufficiently developed, and remand for additional fact finding with respect to the nature and potential seriousness of Mazza's disciplinary infractions in prison.

Accordingly, and finding no merit in Mazza's other arguments, we hereby **VACATE** and **REMAND** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK