15-1988, 15-1989
United States v. Monfort

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

    -v.-                              15-1988(L),
                                      15-1989 (con)

CHRISTOPHER H. MONFORT,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          MARYBETH COVERT, Federal Public
                        Defender's Office, Western
                        District of New York, Buffalo,
                        New York.

1

**FOR APPELLEE:**                    MONICA J. RICHARDS <u>for</u> William
                                     J. Hochul, Jr., United States
                                     Attorney for the Western
                                     District of New York, Buffalo,
                                     New York.

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the matter is remanded for supplementation of the record with further findings pursuant to the procedures set forth in <u>United States v. Jacobson</u>, 15 F.3d 19, 21-22 (2d Cir. 1994).

Christopher Monfort appeals from the order of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>), denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Monfort argues that vacatur and remand are required because the district court failed to offer an explanation for the denial of his motion. Monfort relies on <u>United States v. Christie</u>, 736 F.3d 191, 195 (2d Cir. 2013), which vacated and remanded because: "While the form used by the district court in this case provides space for an explanation of the decision, the district court did not utilize that space, and no other oral or written explanation was given." Here too, the district court checked a box to deny Monfort's motion without providing any rationale for its decision.

The government cites the following passage from <u>Christie</u>: "The failure to state reasons will not always require a remand. In some situations, such a failure may be harmless, because . . . the reasons for the district court's actions may be obvious from the history of the case." <u>Id.</u> at 196.

The district court was undoubtedly familiar with Monfort's case, and did emphasize several times how a joint sentencing proceeding worked to Monfort's benefit. But, absent further explanation, we cannot say that this observation necessarily animated the district court's

2

decision to deny Monfort's § 3582 motion; such a conclusion is not "obvious" based on the record before us.  Id.

We therefore **REMAND** for the district court to make findings as to why it denied Monfort's § 3582 motion.

The mandate shall issue forthwith.  Upon the conclusion of the renewed district court proceedings, either party may restore jurisdiction to this Court by filing with the Clerk of the Court of Appeals, within 30 days, a letter (along with a copy of the relevant supplemental order or transcript) advising the Clerk that jurisdiction should be restored.  No new notice of appeal or additional filing fee will be required.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK