16-1149-cr
*United States v. Byron Nugent*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                              16-1149

BYRON NUGENT, AKA Paul Campbell, AKA Paul Moore, AKA Dred,

       *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | AVIK K. GANGULY, (Anjan K. Ganguly, on the brief), Ganguly Brothers, PLLC, Rochester, New York |
| For Appellee: | FRANK T. PIMENTEL, *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, New York |

Appeal from an order of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Byron Nugent appeals from an order of the United States District Court for the Western District of New York (Geraci, *C.J.*), dated March 30, 2016, denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

In considering a sentence reduction motion under § 3582(c)(2), district courts conduct a multi-step analysis.   The district court must first determine whether the defendant is eligible for a sentence reduction under § 1B1.10 of the Sentencing Guidelines.  *United States v. Christie*, 736 F.3d 191, 194 (2d Cir. 2013).   If the defendant is eligible, then the district court may, after considering the applicable 18 U.S.C. § 3553(a) factors and certain other factors identified in the relevant application note, exercise its discretion to reduce the defendant's sentence to within the amended guideline range calculated under § 1B1.10 of the Sentencing Guidelines.  *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (per curiam); *see also* U.S. Sentencing Guidelines § 1B1.10, app. n.1(B) (articulating the relevant factors in the § 3582(c)(2) analysis).

We review the decision the district court reaches with respect to this second component of the § 3582(c)(2) determination for abuse of discretion.  *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011); *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).   We deem a district court to have abused its discretion in ruling on this element of a § 3582(c)(2) motion only "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the

2

evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Borden*, 564 F.3d at 104 (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

As a preliminary matter, the Government contends that we lack jurisdiction to review Nugent's appeal. It argues that our review of a district court's § 3582(c)(2) decision is not based on 28 U.S.C. § 1291, which "grants broad appellate jurisdiction over appeals of decisions of district courts," *United States v. Doe*, 93 F.3d 67, 68 (2d Cir. 1996), but is instead based on 18 U.S.C. § 3742, which "confers limited appellate jurisdiction over appeals of otherwise final sentences" when certain conditions are met, *Doe*, 93 F.3d at 68.

We recognize that there is a circuit split on precisely this question. *Compare United States v. Jones*, 846 F.3d 366, 369-70 (D.C. Cir. 2017) (holding that jurisdiction arises under 28 U.S.C. § 1291); *United States v. Washington*, 759 F.3d 1175, 1180 (10th Cir. 2014) (same); *United States v. Dunn*, 728 F.3d 1151, 1155-58 (9th Cir. 2013) (same); *United States v. Mills*, 613 F.3d 1070, 1074 (11th Cir. 2010) (same), *with United States v. Howard*, 644 F.3d 455, 458, 462 (6th Cir. 2011) (holding that jurisdiction arises under 18 U.S.C. § 3742). *See also Dunn*, 728 F.3d at 1161-62 (O'Scannlain, *J.*, concurring) (recognizing that binding Ninth Circuit precedent holds that jurisdiction arises under 28 U.S.C. § 1291, but arguing that, if presented with the question in the first instance, the more limited review provided for under 18 U.S.C. § 3742 would be appropriate).

We need not enter this thicket, however, because we have already decided that appellate jurisdiction arises under § 1291. *See United States v. Johnson*, 732 F.3d 109, 116 n.11 (2d Cir. 2013) (explaining that a district court's jurisdiction over a § 3582(c)(2) motion arises under its general federal question jurisdiction, 28 U.S.C. § 1331, indicating that any appeal after entry of final judgment would fall under the general appellate jurisdiction provided by 28 U.S.C. § 1291

3

rather than the sentencing-specific jurisdiction provided by 18 U.S.C. § 3742); *United States v. McGee*, 553 F.3d 225, 226 (2d Cir. 2009) (per curiam) (observing that "[w]e have jurisdiction under 28 U.S.C. § 1291" to review a district court's decision on a motion under § 3582(c)(2)).[1]

The Government attempts to distinguish *Johnson* and *McGee* from the present case on the ground that the grounds for decision in those cases focused on the defendant's eligibility for a reduction under § 3582(c)(2), *Johnson*, 732 F.3d at 113-16; *McGee*, 553 F.3d at 227-29, whereas Nugent is appealing the district court's decision to deny a sentence reduction for which he was eligible. In other words, the Government asserts that denials based on the first component of the § 3582(c)(2) analysis (eligibility) are reviewed pursuant to § 1291, while those based on the second component of the § 3582(c)(2) analysis (looking to the statutory factors governing sentencing as well as other factors identified by the Sentencing Commission) are reviewed under § 3742.

We see no basis for drawing such a distinction. To do so, moreover, would upend the approach to appellate review in § 3582(c)(2) cases we laid out in *United States v. Christie*, 736 F.3d 191 (2d Cir. 2013). In *Christie*, we explained that "resolution of a sentence reduction motion is a discretionary decision regarding the defendant's fundamental liberty interests" and that we therefore require "some indication of the rationale for the [district court's] ruling . . . [to preserve] meaningful appellate review." *Id.* at 196.[2] We have consistently followed *Christie* in the years since, remanding to the district court in cases where a supplemental statement of

---

[1] Indeed, the Sixth Circuit cited *McGee* as an example of an "out-of-circuit decision[]" concluding that decisions under § 3582(c)(2) "are appealable under § 1291." *United States v. Bowers*, 615 F.3d 715, 720.

[2] Thus, even if *Johnson* and *McGee* did not decide the issue, and jurisdiction is more properly framed under 18 U.S.C. § 3742, *Christie* would likely require us to construe § 3742 to permit review of whether the district court's exercise of discretion under § 3582(c)(2) was reasonable. *Christie*, 736 F.3d at 196.

4

reasons was necessary to ensure meaningful appellate review. *See, e.g.*, *United States v. Monfort*, 650 F. App'x 67, 68 (2d Cir. 2016); *United States v. Mazza*, 649 F. App'x 33, 35 (2d Cir. 2016). In short, then, contrary to the Government's view, our prior opinions make clear that we have already decided the issue in favor of our jurisdiction over appeals from a district court's § 3582(c)(2) determination – whether that decision is premised on a first-stage eligibility determination or a second-stage denial.

Having assured ourselves of jurisdiction, we affirm the district court on the merits. As the Sentencing Guidelines require, the district court reconsidered the application of the § 3553(a) factors to Nugent's case and determined that those factors continued to warrant the 135-month sentence originally imposed. After reviewing the text of the district court's order and the entire record, we have concluded that any errors in the district court's analysis were harmless. This is so because the circumstances of this case make sufficiently clear that the sum total of the district court's analysis was not dependent on any one of the factors it identified as supporting its determination that a reduction in Nugent's sentence was not appropriate. *See United States v. Leonard*, 844 F.3d 102, 116-17 (discussing the application of harmless error analysis in the § 3582(c)(2) context); *see also Christie*, 736 F.3d at 196 (explaining that "[i]n some situations . . . the reasons for the district court's actions may be obvious from the history of the case"). Because the factors correctly identified by the district court are sufficient to ground this ultimate determination, we find no abuse of discretion in its decision to deny Nugent's § 3582(c)(2) motion.

We have considered Nugent's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
