UNITED STATES of America, Appellee

v.

Patrick M. YANSANE, Appellant

No. 16-3085

September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 31, 2017

Elizabeth Trosman, Esquire, Assistant U.S. Attorney, Eric Nguyen, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, for Plaintiff-Appellee

Tony Axam, Jr., Esquire, Assistant Federal Public Defender, A. J. Kramer, Federal Public Defender, Office of the Federal Public Defender (FPD), Washington, DC, for Defendant-Appellant

Before: Henderson and Srinivasan, Circuit Judges, and Williams, Senior Circuit Judge

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the District Court entered on July 6, 2016 be **AFFIRMED**.

The district court did not abuse its discretion in denying appellant's second motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). Having reduced appellant's sentence by 37 months after his first request for a reduced sentence in 2012, the district court properly weighed the sentencing factors anew and concluded within its reasonable discretion that no further reduction was warranted.

Appellant does not contend that there was any procedural error in the district court's decision but argues that the district court's refusal to reduce his sentence after the Sentencing Guidelines had changed for a second time was substantively unreasonable. Our precedent is clear that a change in the Guidelines does not automatically require a "downshift" in prior sentences, and it is not an abuse of discretion for a district court to refuse a reduction "so long as the court properly applies § 3553(a)." *United States v. Jones*, 846 F.3d 366, 372 (D.C. Cir. 2017). The district court considered the large quantity of drugs appellant intended to distribute, his criminal history, and his pattern of dangerous conduct and reasonably concluded that his sentence should not be further reduced.

Pursuant to Rule 36 of this Court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.