**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13399

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LINDA DAVIS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00050-TPB-NHA-1

————————————

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Linda Davis appeals her sentence of 48 months' imprisonment for willful failure to collect or pay over withholding and

F.I.C.A. (Social Security) taxes, which was an upward variance from the guideline term of 18-24 months.

Davis argues first that her sentence is procedurally unreasonable because the district court failed to consider all the 18 U.S.C. § 3553(a) factors.[1]  Davis then argues that her sentence is substantively unreasonable because the district court failed to properly weigh certain § 3553(a) factors and relied on impermissible factors in imposing its sentence.  We address each issue in turn.

## I.

Davis owned and operated a pavement-maintenance company and was responsible for filing tax forms and paying employment taxes to the IRS.  Between 2017 and 2021, she withheld federal income and F.I.C.A. taxes from employees' wages but failed to remit either the employee or employer portions, diverting those funds for personal use, resulting in a tax loss of approximately $557,249.62.  In 2021, Davis also applied for a Paycheck Protection Program ("PPP") loan, submitting a false Form 941 to Bank OZK to obtain $161,800 in federal relief funds.

Two years later, a federal grand jury returned a nineteen-count indictment against Davis: seventeen counts of willful failure to collect or pay over employment taxes, in violation of 26 U.S.C.

---

[1] Davis's sentence exceeds the applicable guideline range, bringing her appeal within an exception to the plea agreement's general appeal waiver—a point neither party disputes.  As a result, we may consider her challenges to the above-guidelines sentence.

§ 7202, one count of making a false statement to a federally insured financial institution, in violation of 18 U.S.C. § 1014, and one count of making false statements to an IRS representative, in violation of 18 U.S.C. § 1001.  Pursuant to a written plea agreement conditioned on payment of restitution totaling over $700,000, Davis pleaded guilty to one count of willful failure to collect or pay over employment taxes, and the government dismissed the remaining counts.

Davis first appeared for sentencing on January 31, 2024. Without objection, the district court adopted the guideline calculations in the Presentence Investigation Report ("PSR").  The government supported a downward variance and stated it would not oppose a probationary sentence with appropriate restitution as contemplated by the plea agreement.  Although it would typically "go along with" the plea agreement, the district court explained it had "a problem with" Davis's actions.  Davis responded that she is "able to put money back in towards restitution."  She then reported depositing $60,000 into a restitution account—less than the $100,000 she had previously represented she would deposit—explaining that she used the remaining $40,000 to pay a vendor to keep her business operating.

The district court continued sentencing to allow Davis to liquidate assets, including a ranch-style home valued at $500,000, remarking it would not "sentence somebody who's stolen a half a million dollars who wants to live in a $500,000 home," and finding she had the ability to pay restitution but chose not to.

The second hearing occurred on May 29, 2024. Davis had not sold her home despite retaining a new realtor. And she still owned three vehicles totaling approximately $67,000 in equity. Expressing frustration with Davis's inaction, the district court again continued sentencing to allow additional asset sales. The final hearing occurred October 16, 2024. Davis reported selling only a dump truck and some paint machines. She still had not sold her home, citing damage to the pool enclosure from Hurricane Helene, though the home itself was undamaged. That morning, Davis deposited an additional $5,000 into the restitution escrow account, bringing the total balance to $65,000.

Davis requested probation or time served followed by supervised release, emphasizing her lack of criminal history, $65,000 toward restitution, and role as sole caretaker for her father, among other things. The government opposed, noting Davis owned two properties, including one bought after she pleaded guilty; although Davis claimed the second property belonged to her husband, her name appeared on the title.

After considering the parties' arguments, the PSR, the guideline range, and the § 3553(a) factors, the district court imposed 48 months' imprisonment, an upward variance from the advisory range of 18-24 months, based on Davis's "disregard for the law" and "failure to accept responsibility." Davis did not object to the sentence. This timely appeal followed.

**II.**

Davis first argues that her sentence is procedurally unreasonable. We review the procedural reasonableness of a sentence for abuse of discretion. *See United States v. Oudomsine*, 57 F.4th 1262, 1264 (11th Cir. 2023). But when a party fails to object to procedural reasonableness at the time of sentencing, we review only for plain error. *Id.* To demonstrate plain error, a defendant must show "(1) there was an error (amounting to an abuse of discretion); (2) that was plain; (3) that affected [her] substantial rights; and (4) that seriously affected the fairness of the judicial proceedings." *Id.*

At the outset, the government maintains that Davis did not raise a procedural reasonableness challenge to her sentence. In her opening brief, however, Davis contends that the district court "failed to consider all of the 18 U.S.C. § 3553(a) factors to determine whether they supported the sentence imposed" and that the sentence "was both procedurally and substantively unreasonable." That is sufficient to raise the issue. *See United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020) (explaining that a sentence is procedurally unreasonable if the district court ignores the § 3553(a) factors). That said, we find Davis's argument lacks merit.

Although the district court must consider the § 3553(a) factors, *see Gomez*, 955 F.3d at 1255, it need not state on the record that it has done so or discuss each factor individually. *Oudomsine*, 57 F.4th at 1265. Rather, an acknowledgment by the district court that it considered the § 3553(a) factors is sufficient. *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022). Because the district court

explicitly stated that it considered "all the [§ 3553(a)] factors," Davis cannot show plain error for the reasons she argues here. *See Oudomsine*, 57 F.4th at 1265–66. We thus conclude that her sentence is procedurally reasonable.

## III.

Davis next argues that her sentence is substantively unreasonable. As the party challenging the sentence, Davis "bears the burden of establishing that [her] sentence is unreasonable based on the record and the § 3553(a) factors." *Oudomsine*, 57 F.4th at 1266. She has not done so.

We review the substantive reasonableness of a sentence for abuse of discretion. *Id.* A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* "Because that rarely happens," we have recognized "it is only the rare sentence that will be substantively unreasonable." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir.2013)). In other words, we vacate a sentence as substantively unreasonable only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

We conclude that Davis's 48-month sentence is not substantively unreasonable. Section 3553(a) required the district court to consider, among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training or medical care; (3) the kinds of sentences available; (4) the applicable guidelines range; (5) pertinent policy statements; (6) the need to avoid unwarranted disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a). Here, the district court considered the factors and justified the upward variance based on Davis's "disregard for the law and [her] failure to accept responsibility through [her] actions financially in this case." We cannot say that this was error.

Davis takes issue with the weight the district court gave to certain factors. Davis argues that the district court overlooked her lack of criminal history, family obligations, acceptance of responsibility, successful business enterprise, and the advisory guidelines range. The district court, however, was "free to weigh the § 3553(a) factors as it saw fit." *United States v. Olson*, 127 F.4th 1266, 1277 (11th Cir. 2025). And the record shows that the district court found Davis had "lied to the agents… about the PPP fraud," "ripped off the government systematically," and made a "conscious decision [that she was] not going to give up certain financial resources… that [she] could and should have." That the district court

weighed these facts more heavily than those Davis presses on appeal is not error.  *See Olson*, 127 F.4th at 1277.

Davis seeks to avoid this conclusion by suggesting that the district court also relied on "impermissible sentencing factors."  We disagree.

To start, Davis identifies no impermissible factors on which the district court relied.  She merely asserts, without elaboration, that the district court based its sentence on "impermissible factors," citing our decision in *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  But *Sarras* provides no relevant discussion of "impermissible factors."  575 F.3d at 1219–20.  The phrase appears only in the general explanation of when a sentence is substantively unreasonable including when it is "based on impermissible factors." *Id*. at 1219.  Without more, we conclude that Davis fails to carry her burden "to show that the sentence was unreasonable."  *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).  Still, the government suggests Davis may have been referring to her failure to pay restitution, citing our decision in *United States v. Plate*, 839 F.3d 950 (11th Cir. 2016).  Even under that view, however, we are not persuaded.

In *Plate*, we held that a sentence is substantively unreasonable when the district court gives "significant (indeed, *dispositive*) weight to [the defendant's] inability to pay restitution."  839 F.3d at 957.  That is because "it violates equal protection principles to incarcerate a person solely because he lacked the resources to pay" a

fine or restitution. *Id.* at 956 (quoting *Bearden v. Georgia*, 461 U.S. 660, 668 (1983)).

We see no such error here. Unlike the defendant in *Plate*—who was unemployed, had no significant assets or liabilities, and a net worth of only $47,500, *id.* at 953—the district court found that Davis had the ability to pay restitution but made a "conscious decision" not to do so.[2] The district court observed that Davis continued to live in a $500,000 ranch home, owned multiple late-model vehicles, and operated her business during the nine months following her first sentencing hearing. Yet despite two continuances, Davis deposited only an additional $5,000 toward restitution during that period.

A defendant's reluctance to pay restitution after agreeing to do so, despite having the means and opportunity, is different from an inability to pay "through no fault of [her] own." *Cf. Bearden*, 461 U.S. at 672. As *Bearden* explains, a court may impose imprisonment "within the authorized range of its sentencing authority" when a defendant "fail[s] to make sufficient bona fide efforts legally to acquire the resources to pay." *Id.* at 673. In other words, the district court here did not punish Davis for "lack[ing] resources," *Plate*, 839 F.3d at 956; *see also United States v. Jones*, 846 F.3d 366, 372 (D.C. Cir. 2017) ("[I]t would be highly questionable if the district court kept appellants in jail solely because they *genuinely couldn't afford to*

---

[2] The PSR lists Davis's total assets as $712,200.86 and her total liabilities as $504,381, resulting in a net worth of $207,819.86. She also reported a positive monthly cash flow of $846.94.

*pay restitution.*" (emphasis added)).  Rather, it regarded her deception, inaction, and nonpayment as evidence of her disregard for the law. *See* 18 U.S.C. § 3553(a) (requiring consideration of the need to "promote respect for the law").

In sum, we have no "definite and firm conviction" that the district court clearly erred in determining Davis's sentence.  *Irey*, 612 F.3d at 1190.  Because Davis's sentence lies within "the range of reasonable sentences dictated by the facts of the case," *see id.*, we affirm.

**AFFIRMED.**