# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued October 1, 2025      Decided November 18, 2025

No. 24-3173

UNITED STATES OF AMERICA,
APPELLEE

v.

MICHAEL LAWRENCE ROSEBAR,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cr-00018-1)

---

*Isra Bhatty*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*Mark Hobel*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Chrisellen R. Kolb* and *Daniel J. Lenerz*, Assistant U.S. Attorneys.

Before: KATSAS and CHILDS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* CHILDS.

CHILDS, *Circuit Judge*: Michael Lawrence Rosebar appeals the district court's order denying his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines (USSG) Amendment 821, and USSG § 1B1.10. We affirm the district court's denial of Rosebar's motion to reduce his sentence.

## I.

## A.

For approximately seven years, Rosebar fraudulently misrepresented to homeowners that he was a licensed home improvement contractor and misappropriated funds meant for real property improvements. On October 4, 2016, a federal grand jury returned a second superseding indictment charging Rosebar with the following twenty-nine bankruptcy crimes and sixteen non-bankruptcy crimes: twenty-six counts of concealment of bankruptcy assets in violation of 18 U.S.C. § 152(1) and aiding and abetting that concealment in violation of 18 U.S.C. § 2; two counts of making a false declaration and statement in violation of 18 U.S.C. § 152(3) and aiding and abetting; one count of making a false oath and account in violation of 18 U.S.C. § 152(2); two counts of conspiracy to commit first degree fraud in violation of D.C. Code §§ 22-1805a, 3221(a), 3222(a)(1); ten counts of first degree fraud in violation of D.C. Code §§ 22-3221(a), 3222(a)(1), 3601; three counts of wire fraud in violation of 18 U.S.C. § 1343; and one count of first degree fraud in violation of D.C. Code §§ 22-3221(a), 3222(a)(1). After the government filed a notice that it was only proceeding on sixteen of the counts, the district court conducted the criminal trial regarding those charges in June 2017.

On June 20, 2017, the jury found Rosebar guilty of six counts of concealment of bankruptcy assets, two counts of false declaration and statement, one count of false oath or account, four counts of first-degree fraud, and three counts of wire fraud. On October 16, 2017, at Rosebar's sentencing, the district court announced a total offense level of 29, a criminal history category of II, and an advisory guidelines range of 97–121 months of imprisonment.[1] The district court overruled Rosebar's objection to his criminal history category being a II instead of a I, which resulted from the addition of two status points to his one total criminal history point because Rosebar committed the crimes at issue while he was on probation. At a criminal history category of I, Rosebar's advisory guidelines range was 87–108 months of imprisonment, instead of the 97–121 months at a criminal history category of II. Ultimately, the district court sentenced Rosebar to a concurrent sentence of 120 months of imprisonment and thirty-six months of supervised release. Rosebar timely appealed and this Court affirmed the district court's judgment. *See generally United States v. Rosebar*, 800 F. App'x 1 (D.C. Cir. 2019).

**B.**

Section 4A1.1 of the United States Sentencing Guidelines sets out the framework for determining a defendant's criminal history category. USSG § 4A1.1. A sentencing court can give an additional criminal history "status" point to a defendant who commits an "instant offense while under any criminal justice sentence, including probation." *See* USSG § 4A1.1(e).

---

[1] Rosebar received criminal history points based on his prior sentences. *See* USSG § 4A1.1. Rosebar's total number of criminal history points determined his criminal history category—between I and VI —which was then considered with his offense level to establish an advisory sentencing range. *See* USSG § 1B1.1(a) (steps for determining a Guidelines range).

Effective November 1, 2023, the United States Sentencing Commission amended § 4A1.1 with Guidelines Amendment 821. Before Guidelines Amendment 821, a defendant who committed an offense "while under any criminal justice sentence" received two status points. *See, e.g.*, USSG § 4A1.1(d) (Nov. 2021). But under Guidelines Amendment 821, a defendant with six or fewer criminal history points from prior sentences no longer receives any status points, and a defendant with seven or more criminal history points receives only one status point. *See* USSG § 4A1.1(e) (Nov. 2023). The Sentencing Commission has given Guidelines Amendment 821 retroactive effect, in providing that defendants (like Rosebar), who were given two status points under the old version of § 4A1.1, may be eligible for a sentence reduction in light of the Amendment. *See* U.S. Sent. Guidelines Manual supp. to app. C at 260–263 (U.S. Sent. Comm'n 2023) (Amendment 825); USSG § 1B1.10(a)(1), (d).

On February 23, 2024, Rosebar filed a motion for sentencing reduction pursuant to Guidelines Amendment 821 and 18 U.S.C. § 3582(c)(2). On March 4, 2024, Rosebar, aided by the Federal Public Defender, filed a supplemental motion to reduce his sentence pursuant to § 3582(c)(2) and USSG § 1B1.10 and specifically requested that the district court reduce his sentence to 107 months.[2] The district court denied Rosebar's motion on November 19, 2024. Rosebar timely appealed.

---

[2] Section 1B1.10 is the "the policy statement governing § 3582(c)(2) proceedings." *In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013). It provides that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10(a)(1).

5

## II.

We have appellate jurisdiction to review "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "Denials of sentence reductions are unquestionably 'final decisions of a district court' because they close the criminal cases." *United States v. Jones*, 846 F.3d 366, 369 (D.C. Cir. 2017) (citing 28 U.S.C. § 1291). We review the decision to deny a motion for a sentence reduction filed pursuant to 28 U.S.C. § 3582(c)(2) under an abuse of discretion standard. *See United States v. Smith*, 896 F.3d 466, 470 (D.C. Cir. 2018); *see also United States v. McWilliams*, 163 F.2d 695, 697 (D.C. Cir. 1947) (explaining that a district court commits an abuse of discretion when its decision is "arbitrary, fanciful, or clearly unreasonable"). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

## III.

### A.

"Once a federal criminal sentence is imposed, it is generally considered final." *United States v. Lawrence*, 1 F.4th 40, 46 (D.C. Cir. 2021). However, a district court may reduce a defendant's term of imprisonment if the sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section "3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). "The statute . . . establishes a two-step inquiry." *Id.* at 826. "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either

in whole or in part, according to the factors set forth in § 3553(a)." *Id.* 18 U.S.C. § 3553(a) states:

> The court, in determining the particular sentence to be imposed, shall consider–(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for–(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement–(A) issued by the Sentencing Commission . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

**B.**

In resolving Rosebar's motion to reduce his sentence, the district court agreed with the parties that at the first step of the *Dillon* analysis, Rosebar was eligible for a sentence reduction

based on Guidelines Amendment 821. The district court then turned to step two of the *Dillon* inquiry, weighed the factors set forth in § 3553(a), and found that a reduction was unwarranted after its consideration of the seriousness of Rosebar's fraudulent acts, their impact on the victims, and his lack of remorse: (1) "the extensive negative impact on [Rosebar]'s victims attributable to his actions . . . weighs against resentencing," A087; (2) "Rosebar's post-conviction conduct [to include the filing of meritless motions and inconsistent payment of restitution], with a focus on his failure to take responsibility for his actions . . . weighs against resentencing," A088; and (3) "the type of behavior [Rosebar] engaged in– when coupled with his lack of remorse and his refusal to acknowledge the harm he caused–creates a significant likelihood that . . . Rosebar will continue to engage in fraudulent endeavors when released from prison, and that the public needs protection," A089.

On appeal, Rosebar argues that the district court made an error of law and also abused its discretion when it denied his motion to reduce sentence. The issue before the district court, in his view, was not whether a "generalized resentencing" was appropriate, but whether a "reduction authorized by . . . amendment [821] was warranted in whole *or in part*." Appellant's Br. 9 (citing *Dillon*, 560 U.S. at 827). Rosebar insists that the district court only analyzed his motion to reduce sentence as a request for a "generalized resentencing." Reply Br. 1. He also argues that it "relied on two overarching factors—seriousness of the crime and victim impact—that were wholly unchanged from the original sentencing" and "one factor—a perceived lack of remorse and associated recidivism risk—that arose following sentencing." Appellant's Br. 10 (citing A085–A088). In this regard, Rosebar argues that the district court "failed to fully address the profoundly mitigating effects of [his] family life and responsibilities as well as his

rehabilitative efforts and spotless disciplinary record over seven years of incarceration that, at a minimum, mitigated against any perceived recidivism risk." *Id.* at 7.

Rosebar's arguments do not persuade us that the district court abused its discretion. First, he cites no authority barring a district court from denying a motion for sentence reduction and, in doing so, maintaining the original sentence after consideration of the § 3553(a) factors. *See Jones*, 846 F.3d at 372 (holding that a district court did not abuse its discretion when it "considered the § 3553(a) factors at length (including the nature and seriousness of the offenses) and decided that nothing less than the original sentence[] would be enough"). Second, the district court did not treat Rosebar's sentence reduction hearing as a generalized or "plenary resentencing proceeding." *Cf. United States v. Rose*, 379 F. Supp. 3d 223, 232 (S.D.N.Y. 2019) (defining a "plenary resentencing hearing" as one that "carries with it all of the procedural trappings and collateral effects of the original sentencing[.] [I]n addition to mandatory application of § 3553(a) factors to new facts, a full resentencing would allow the parties to raise or re-raise arguments that are unrelated to the issue(s) that precipitated the resentencing, including any non-retroactive changes in the law" (citing *Shabazz v. United States*, 923 F.3d 82, 83 (2d Cir. 2019)), *aff'd*, 841 F. App'x 328 (2d Cir. 2021)).

Here, the district court followed *Dillon*'s two-step inquiry, as required, and considered the § 3553(a) sentencing factors. Rosebar laid out the same mitigating effects to this Court that he did to the district court. And it considered them when it weighed the § 3553(a) factors. It was perfectly within the court's discretion to find that the seriousness of Rosebar's fraudulent acts, the impact on the victims, and lack of remorse outweighed either a full or partial reduction. *E.g.*, *Jones*, 846 F.3d at 372; *cf. United States v. Gardellini*, 545 F.3d 1089,

1093 (D.C. Cir. 2008) ("It will be the unusual case when an appeals court can plausibly say that a sentence is so unreasonably high or low as to constitute an abuse of discretion by the district court."). Rosebar merely disagrees with the district court's weighing of these factors, which is not the same as showing that the district court's decision was "arbitrary, fanciful, or clearly unreasonable." *McWilliams*, 163 F.2d at 697; *see also United States v. Miller*, 35 F.4th 807, 819 (D.C. Cir. 2022) (finding no abuse of discretion where the district court failed to give rehabilitative conduct the weight a defendant contends it deserves). Accordingly, we hold that the district court did not abuse its discretion.

*****

For these reasons, we affirm the district court's order denying Rosebar's motion for a sentence reduction.

*So ordered.*