**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3232
_____

UNITED STATES OF AMERICA

v.

JOSE ANGEL RODRIGUEZ, Appellant
_____

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA
(D.C. No. 1-10-cr-00005-001)
District Judge: Honorable Christopher C. Conner
_____

Argued: January 25, 2017
_____

Before: CHAGARES, RESTREPO[*] and ROTH,
<u>Circuit Judges</u>.

(Opinion Filed:  April 28, 2017)
_____

---

[*] Participated via video conference

James V. Wade
Ronald A. Krauss            [ARGUED]
Office of Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101

*Counsel for Appellant*

Bruce D. Brandler
Scott R. Ford
Carlo D. Marchioli            [ARGUED]
United States Attorney's Office
Middle District of Pennsylvania
228 Walnut Street, Suite 220
Harrisburg, PA 17108

*Counsel for Appellee*

_____

OPINION OF THE COURT

_____

RESTREPO, <u>Circuit Judge</u>.

Appellant Jose Rodriguez appeals as substantively unreasonable the District Court's discretionary denial of his motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2). While this would ordinarily be a routine appeal, it is not here because the Government raises a novel

challenge to our appellate jurisdiction. The Government contends that we lack jurisdiction to consider whether a ruling on a Section 3582(c)(2) motion was substantively unreasonable. We conclude that we have jurisdiction under 28 U.S.C. § 1291. We will affirm.

**I**

In 2012, Rodriguez pled guilty to conspiracy to distribute cocaine, 21 U.S.C. § 846, and conspiracy to possess firearms in furtherance of drug trafficking, 18 U.S.C. § 924(o). The drug quantity was more than 15 and less than 50 kilograms of cocaine. Rodriguez was also responsible for multiple drug-related robberies. His sentencing range was 120-150 months. The District Court ultimately sentenced Rodriguez to 123 months' imprisonment and 3 years' supervised release.

In 2016, Rodriguez filed a motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2). The basis for the motion was Amendment 782 of the Sentencing Guidelines. Amendment 782 reduced by two the offense levels in Section 2D1.1 for drug quantities that trigger a mandatory minimum sentence. U.S.S.G. Supp. App. C, Amend. 782. Amendment 782 is retroactive, provided that any reduction take effect on or after November 1, 2015. U.S.S.G. Supp. App. C, Amend. 788; U.S.S.G. § 1B1.10(d); U.S.S.G. § 1B1.10, cmt. n.6.[1]

---

[1] All references to Section 1B1.10 refer to the 2015 edition of the Guidelines Manual, which was effective November 1, 2015. *See* U.S.S.G. § 1B1.10, cmt. n.8 (providing that "the court shall use the version of this policy statement that is in effect on the date on which the court

The District Court found Rodriguez eligible for an Amendment 782 sentencing reduction, but denied relief in the exercise of its discretion. The District Court found that Rodriguez had engaged in "an unyielding and escalating pattern of drug-related and violent behavior which has been undeterred by prior and substantial terms of imprisonment." App. 12. Rodriguez now appeals. He asserts that his unmodified sentence is substantively unreasonable, based upon the factors listed in 18 U.S.C. § 3553(a) and his post-sentencing conduct.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. *United States v. Styer*, 573 F.3d 151, 153 n.2 (3d Cir. 2009). We have jurisdiction to address our own jurisdiction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947). We hold that we have jurisdiction over the merits of this appeal under 28 U.S.C. § 1291, as explained below. *Styer*, 573 F.3d at 153 n.2.[2] We review the District Court's decision to deny Rodriguez's sentencing reduction motion for abuse of discretion. *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016) (citation omitted).

## III

reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)").

[2] Because we conclude that we have jurisdiction under 28 U.S.C. § 1291, we need not determine whether we also have jurisdiction under 18 U.S.C. § 3742.

4

This case involves a motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is an "exception to the general rule of finality" over sentencing judgments, set forth at 18 U.S.C. § 3582(b). *Dillon v. United States*, 560 U.S. 817, 824 (2010). Section 3582(c)(2) applies to amendments to the Sentencing Guidelines. It provides that a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010).

The "policy statement[]" referenced in Section 3582(c)(2) is Section 1B1.10 of the Sentencing Guidelines. *See Dillon*, 560 U.S. at 827. Section 1B1.10, in turn, contains its own, more specific requirements for a sentencing reduction. Under Section 1B1.10, the amendment to the Sentencing Guidelines must be retroactive. U.S.S.G. § 1B.1.10(a)(2)(A), (d). It must also "have the effect of lowering the defendant's applicable guideline range," based upon a prescribed method of calculation. U.S.S.G. § 1B.1.10(a)(2)(B).

If these eligibility requirements are met, a district court has the discretion to grant a sentencing reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *see also Flemming*, 617 F.3d at 257. In addition, a district court "shall consider the nature and seriousness of the danger to any person or the community" and "may consider post-

sentencing conduct of the defendant." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii); *see also Flemming*, 617 F.3d at 257.

## IV

Rodriguez is indisputably eligible for a Section 3582(c)(2) sentencing reduction under Amendment 782. The District Court, however, denied relief in the exercise of its discretion. The Government contends that we lack appellate jurisdiction over Rodriguez's claim that his unmodified sentence is substantively unreasonable. We disagree. For the reasons below, we have jurisdiction over the District Court's final order under 28 U.S.C. § 1291.

## A

This Court routinely exercises jurisdiction over appeals just like this one. Although the vast majority of these decisions are unpublished, we have held in an analogous, published case, *Styer*, that "[w]e have jurisdiction under 28 U.S.C. § 1291." 573 F.3d at 153 n.2. In *Styer*, we not only asserted jurisdiction, but also reached the merits of the defendant's claim that his unmodified sentence was substantively unreasonable in light of the Section 3553(a) factors. *Id.* at 154-55. This ruling on the merits implies that we were satisfied as to our jurisdiction. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981).

*Styer* notwithstanding, the Government argues that there is no binding precedent establishing our appellate jurisdiction because our prior treatment was cursory.

6

Assuming *arguendo* that *Styer* is not binding, we will explain why we have jurisdiction under Section 1291.[3]

At the outset, we note that three other Circuits have also concluded after a full analysis that jurisdiction lies under Section 1291. *Jones*, 846 F.3d at 370; *United States v. Washington*, 759 F.3d 1175, 1180-81 (10th Cir. 2014); *United States v. Dunn*, 728 F.3d 1151, 1156-58 (9th Cir. 2013). At least two more Circuits have, in recent decisions, asserted jurisdiction under Section 1291, without explanation. *United States v. Hernandez-Marfil*, 825 F.3d 410, 411 (8th Cir. 2016) (per curiam); *United States v. Purnell*, 701 F.3d 1186, 1188 (7th Cir. 2012) (jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742). The only Circuit to reach a contrary holding is the Sixth Circuit, which held *sua sponte* that it lacks jurisdiction to review for substantive reasonableness a ruling on a Section 3582(c) motion. *United States v. Bowers*,

---

[3] At oral argument, the Government described the origins of its novel challenge to our jurisdiction. The Government's argument was prompted by proceedings in an analogous case, *United States v. Jones*, 846 F.3d 366 (D.C. Cir. 2017). In *Jones*, the District of Columbia Circuit *sua sponte* ordered supplemental briefing on jurisdiction. The Government filed a supplemental brief in *Jones*. It then filed an almost verbatim copy of the *Jones* brief as its principal brief in Rodriguez's case. *See* Consolidated Suppl. Br. for Appellee, *United States v. Jones*, 846 F.3d 366 (D.C. Cir. 2017) (Nos. 15-3063, 15-3064), 2016 WL 6092381. *Jones* has since been decided, against the Government. *Jones*, 846 F.3d at 370 (exercising jurisdiction under Section 1291).

615 F.3d 715, 717 (6th Cir. 2010). No Circuit has followed this 2010 decision.[4]

**B**

We turn now to the substance of our jurisdictional ruling, beginning with the text of 28 U.S.C. § 1291. Section 1291 provides that the courts of appeals have "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937). As we have stated, "[a] judgment of sentence is a final order . . . . This court not only has the [p]ower to review an appeal after sentence of conviction, we have the [d]uty to review it as a final order, 28 U.S.C. § 1291." *United States v. Moskow*, 588 F.2d 882 (3d Cir. 1978). Accordingly this Court regularly exercises jurisdiction over sentencing appeals under Section 1291 (in addition to 18 U.S.C. § 3742). *See, e.g., United States v. Tomko*, 562 F.3d 558, 564 n.5 (3d Cir. 2009) (en banc); *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007); *United States v. Charles*, 467 F.3d 828, 830 n.4 (3d Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 327 n.4 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346-47 (2007).

---

[4] *Bowers* conflicts with the settled law of our Court. Specifically, *Bowers* begins with the premise that 28 U.S.C. § 1291 is not a source of jurisdiction for sentencing appeals. *Bowers*, 615 F.3d at 719 (citation omitted). In contrast, our Court regularly hears sentencing appeals under both 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See infra* Section IV.B.

Our many decisions exercising Section 1291 jurisdiction over sentencing appeals are analogous to the instant case, which is an appeal of a ruling on a Section 3582(c)(2) motion. Like sentencing judgments, rulings on Section 3582(c)(2) motions are "unquestionably 'final decisions of [a] district[] court' because they close the criminal cases once again." *Jones*, 846 F.3d at 369 (alteration in original) (quoting 28 U.S.C. § 1291). Thus, the judgment of the District Court denying Rodriguez's sentencing reduction motion was a final order under Section 1291.

## C

This, however, does not fully resolve our inquiry as to whether we have Section 1291 jurisdiction over Rodriguez's appeal. This is because another, narrower jurisdictional statute—18 U.S.C. § 3742—could potentially interfere with our Section 1291 jurisdiction. For the reasons below, we hold that it does not.

## 1

Section 3742(a) provides that a defendant may appeal "an otherwise final sentence" under enumerated circumstances; i.e. if the sentence:

> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or

9

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).

Our Section 1291 jurisdiction may be limited in some cases by Section 3742. As a general principle, an appellant cannot resort to Section 1291's "broad grant of jurisdiction to circumvent statutory restrictions on sentencing appeals in § 3742." *Jones*, 846 F.3d at 369. More specifically, "the presence of Section 3742 might pose an obstacle" to review under Section 1291 if Section 3742's "provisions barred

review for reasonableness" and the statute were otherwise applicable. *Id.* (citation omitted).[5]

Section 3742 is not an "obstacle" to our Section 1291 jurisdiction because it does *not* bar review for reasonableness. To the contrary, Section 3742(a)(1) allows review for reasonableness because "an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1)." *Cooper*, 437 F.3d at 327 (applying *United States v. Booker*, 543 U.S. 220 (2005)); *see also United States v. Jackson*, 467 F.3d 834, 838 (3d Cir. 2006) (holding that post-*Booker* "we have jurisdiction to review *all* criminal sentences for reasonableness"). The fact that Section 3742 permits reasonableness review "completely moots the theory that use of § 1291 would undercut § 3742's limitations." *Jones*, 846 F.3d at 369.[6]

---

[5] As set forth below, Section 3742 does not bar review for reasonableness. This is sufficient to establish that Section 3742 is not a barrier to our jurisdiction under Section 1291. As such, we need not reach the question whether Section 3742 is otherwise applicable to a Section 3582(c)(2) sentencing reduction motion.

[6] The Tenth Circuit also considered the potential interaction between Section 1291 and Section 3742, but framed the question slightly differently. *United States v. Hahn*, 359 F.3d 1315, 1321 (10th Cir. 2004) (en banc). *Hahn* asked whether Section 3742 "impliedly repeal[ed]," in relevant part, Section 1291. *Id.* (quoting *Branch v. Smith*, 538 U.S. 254, 273 (2003) (plurality)). It concluded that it did not. *Id.* at 1322. Although, like *Jones*, we do not employ the

11

**2**

The Government attempts to refute our jurisdictional holding by drawing upon this Court's precedent regarding downward departures. A departure is a sentence outside the Guideline range "given for reasons contemplated by the Guidelines themselves (under U.S.S.G. § 4A1.3 and Ch. 5, Pt. K)." *Jackson*, 467 F.3d at 837 n.2.[7] As the Government emphasizes, we lack jurisdiction to review a district court's discretionary denial of a downward departure. *See, e.g.,* *United States v. Ruiz*, 536 U.S. 622, 627 (2002); *Jackson*, 467 F.3d at 839; *Cooper*, 437 F.3d at 333; *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989).

Our downward departure cases are distinguishable. As we held in *Cooper*, this distinction turns upon Congress's intent in enacting Section 3742. As to a downward departure, Sections "3742(a) and (b) reflect Congress's intent to foreclose review of a sentencing court's decision not to depart" under the relevant Guidelines. *Cooper*, 437 F.3d at 333 (citations omitted). But as to a substantively unreasonable sentence, Section 3742 does not evince Congress's intent to foreclose review. This is because "in enacting §§ 3742(a)(1) and (b)(1), Congress could not have contemplated that the sentencing scheme it adopted would later be declared advisory" in *Booker*. *Id.* at 328.

---

implied repeal doctrine here, our holding is consistent with *Hahn*.

[7] A "departure" is different from a "variance," which is a sentence outside the Guidelines range under *Booker*. *Jackson*, 467 F.3d at 837 n.2.

12

To synthesize these two points, "§ 3742 works in tandem with § 1291 [potentially] limiting judicial review of only those sentencing decisions that are part of Congress's sentencing Guidelines scheme but leaving intact the general grant of jurisdiction over sentencing appeals under § 1291." Briana Lynn Rosenbaum, *Righting the Historical Record: A Case for Appellate Jurisdiction over Sentences for Reasonableness under 28 U.S.C. § 1291*, 62 Hastings L.J. 865, 918 (2011). Thus, we have jurisdiction over Rodriguez's appeal under Section 1291, notwithstanding Section 3742.

**V**

We now reach the merits of Rodriguez's appeal. We conclude that the District Court did not impose a substantively unreasonable sentence based upon the 18 U.S.C. § 3553(a) factors, the threat to public safety and Rodriguez's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii). Rodriguez participated in a vast drug trafficking conspiracy and a series of violent, armed robberies, including a robbery of a drug dealer's family. He has an extensive criminal history. Rodriguez committed the underlying crimes soon after his release from a lengthy prison sentence for drug and firearm offenses. Although Rodriguez has had no misconduct in prison, the District Court considered this fact and concluded that it does not outweigh the public safety risk. The District Court also considered the fact that Rodriguez accepted responsibility, and concluded that he has been appropriately rewarded. "This weighing and consideration of multiple factors, expressly left to a court's discretion, is exactly the type of 'reasoned appraisal' to which

13

we defer on review." *Styer*, 573 F.3d at 155 (quoting *Kimbrough v. United States*, 552 U.S. 85, 111 (2007)).

**VI**

The judgment of the District Court will be affirmed.

14