DLD-015                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2619
_____

UNITED STATES OF AMERICA

v.

KEVIN ROBERT CADEN, a/k/a Thomas Kimble

Kevin Robert Caden,
                                                           Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-98-cr-00450-001)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2017
Before: JORDAN, SHWARTZ, KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 25, 2017)
_____

OPINION
_____

PER CURIAM

        Federal prisoner Kevin Robert Caden appeals pro se from the District Court's July

12, 2017 order denying his motion to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c)(2).  For the reasons that follow, we will summarily affirm that order.

Caden was convicted of attempting to manufacture more than one kilogram of methamphetamine in violation of 21 U.S.C. § 846 (Count One); possession of 40 grams or more of phenyl-2-propanone ("P2P") in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of monomethylamine knowing, or having reasonable cause to believe, that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(2) (Count Three).

As explained in our opinion concerning Caden's direct criminal appeal, because his trial took place before the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000), the jury did not determine any drug quantities. United States v. Chorin, 322 F.3d 274, 277 (3d Cir. 2003). Caden was sentenced, however, after Apprendi was decided. The District Court held a hearing and determined after hearing expert testimony that based upon the amount of methylamine found, Caden and his codefendant had been capable of producing about 73.2 kilograms of pure methamphetamine, placing him at a base offense level of 38. Id. Based on that quantity, Caden was subject to a prison term of 360 months to life for Count One. The District Court imposed a sentence of 240 months in prison on Count One,[1] to be followed by 120 months in prison for Counts Two and Three.[2] This Court affirmed Caden's sentence on appeal, holding, among other

---

[1] "In order to avoid violating Apprendi, the District Court sentenced . . . Caden . . . to 240 months on Count One, which is the statutory maximum for manufacture of methamphetamine regardless of the quantity. See 21 U.S.C. § 841(c)." Chorin, 322 F.3d at 277.

[2] The consecutive sentences for Counts Two and Three were mandated by section

things, that the sentence did not violate <u>Apprendi</u> and that the District Court's finding that the labs involved could produce 73.2 kilograms of pure methamphetamine was not clearly erroneous. <u>Id.</u> at 277-80.

In June of this year, Caden filed a motion for a sentence reduction under § 3582(c)(2). Caden asked that the District Court apply the "drugs minus two" amendment to the federal guidelines, otherwise known as Amendment 782, which "retroactively reduced by two levels the base offense levels assigned to many drug quantities." <u>United States v. Thompson</u>, 825 F.3d 198, 202 (3d Cir. 2016). The District Court denied the motion, explaining that Caden's base offense level and guideline range were not lowered by application of Amendment 782. Caden now appeals from this order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When, as here, "the district court determines that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), our review is plenary." <u>United States v. Weatherspoon</u>, 696 F.3d 416, 420 (3d Cir. 2012). We may take summary action if it clearly appears that this appeal presents no substantial question. <u>See</u> 3d Cir. I.O.P. 10.6.

A district court may reduce a sentence under § 3582(c)(2) only if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As

---

§ 5G1.2(d) of the United States Sentencing Guideline ("U.S.S.G.")," which required an adjustment to a sentence "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment," U.S.S.G. § 5G1.2(d). <u>See</u> <u>Chorin</u>, 322 F.3d at 278.

the Government explained in its response to Caden's motion, Amendment 782 does not lower Caden's applicable guideline range, because even under the amended guideline, a base offense level of 38 is assigned to any offense involving 45 kilograms or more of methamphetamine—the same level that was assigned at Caden's sentencing. Response, Dkt. #197, at 6.

In his reply, Caden argued that the District Court could exercise its discretion to consider his rehabilitation, and the fact that "no actual drugs were confiscated or found in [his] possession." Reply, Dkt. #199, at 2. Caden is correct that *if* the amendment lowers the applicable guideline range, a district court then "has the discretion to grant a sentencing reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" United States v. Rodriguez, 855 F.3d 526, 529 (3d Cir. 2017), as amended (May 1, 2017). But the District Court was not authorized to reach the discretionary step here—the Policy Statement at U.S.S.G. § 1B1.10(a)(2)(B) provides that a sentence reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." See also Dillon v. United States, 560 U.S. 817, 831 (2010) (Section "3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."); United States v. Styer, 573 F.3d 151, 154 (3d Cir. 2009) (Section 3582(c)(2) proceeding is "not a do-over of an original sentencing proceeding").

Accordingly, Caden was not eligible for a sentence reduction here. Because this appeal clearly fails to present a substantial question, we will summarily affirm the District Court's order.