**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2294
_____

UNITED STATES OF AMERICA

v.

BARCAR FELDER, a/k/a BART

Barcar Felder,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 4:03-cr-00042-001)
District Judge: Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 13, 2019)
_____

OPINION<sup>*</sup>
_____

PER CURIAM

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Barcar Felder is a federal inmate serving a sentence of 27 years of incarceration. Felder appeals the denial of his motion for relief under 18 U.S.C. § 3582(c)(2). That statutory provision permits a sentence-reduction opportunity to defendants who have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," so long as the sentence reduction is consistent with Sentencing Commission policy statements. Because the District Court did not err in ruling that Felder is ineligible for relief under § 3582(c)(2), we will affirm the judgment below.

I.

After being charged with multiple federal drug offenses, Felder pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of 50-plus grams of cocaine base (crack), in violation of 21 U.S.C. § 846.[1] The District Court sentenced Felder to 30 years of imprisonment, after engaging with the math prescribed by the Sentencing Guidelines. Given the type and weight of the trafficked drugs, see U.S.S.G. § 2D1.1 ("the Drug Guideline"), and Felder's outsized role in the conspiracy, see U.S.S.G. § 3B1.1(a), his adjusted offense level was 38. Because that was higher than the otherwise applicable offense level of 37 tied to Felder's District Court-designated

---

[1] The plea agreement contained a stipulation about drug quantity: "the defendant was involved with at least one hundred fifty (150) but less than five hundred (500) grams of cocaine base and more than five hundred (500) but less than one thousand grams of cocaine."

status as a career offender, see U.S.S.G. § 4B1.1 ("the Career Offender Guideline"), the higher level controlled and the Drug Guideline dictated the advisory Guidelines range for sentencing.[2]

Around three years after the District Court entered judgment, Felder filed his first motion under § 3582(c)(2). The motion was based on a retroactively effective amendment to the Sentencing Guidelines (Amendment 706) that reduced base levels for offenses involving crack. The District Court determined that Felder was eligible for relief, but because Felder's total offense level under the Career Offender Guideline was now higher than the total offense level dictated by the Drug Guideline, the former controlled. Accordingly, the District Court granted a sentence reduction, but used the Career Offender Guideline in modifying Felder's sentence to 27 years of incarceration.

Most recently, Felder moved for relief under § 3582(c)(2) based on Amendment 782, which retroactively lightened penalties for many drug crimes by altering offense levels on the § 2D1.1 Drug Quantity Table.[3] The District Court denied the motion, as well as Felder's subsequently filed motions for counsel and for reconsideration. The District Court concluded in the order denying reconsideration that Felder was not eligible

---

[2] The District Court reduced the offense level to 36 in light of Felder's acceptance of responsibility. See U.S.S.G. § 3E1.1(a). Because of his status as a career offender, Felder's criminal history category was required to be VI. See U.S.S.G. § 4B1.1(b).

[3] In the interim, Felder filed a § 3582(c)(2) motion based on Amendment 750, which again reduced base levels for offenses involving crack. The District Court denied relief, and we summarily affirmed. See CA No. 12-2433, Order (3d Cir. Aug. 2, 2012).

for a sentence reduction under Amendment 782 because he had been "sentenced and resentenced within the career offender guideline range and Amendment 782 does not lower [that range]." Felder appealed.[4]

## II.

We have jurisdiction under 28 U.S.C. § 1291. Cf. United States v. Rodriguez, 855 F.3d 526 (3d Cir. 2017). Where a district court determines based on its interpretation of the Guidelines that a defendant is ineligible for relief under § 3582(c)(2)—a purely legal issue—a de novo standard of review applies. United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). While an abuse of discretion standard is used to review the denial of reconsideration, the de novo standard prevails where, as here, we are reviewing a lower court's interpretation and application of a legal precept. Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). We may affirm on any record-supported grounds. Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

## III.

There are two eligibility requirements that must be satisfied before a defendant

---

[4] The notice of appeal appears to have been filed two days late. See Fed. R. App. P. 4(b)(1)(A)(i) (providing a 14-day appeal window); see also United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (collecting and agreeing with cases holding that Rule 4(b), not Rule 4(a), applies to an appeal of a district court's decision on a § 3582(c)(2) motion). Because the Government does not address the issue of timeliness and, additionally, because of the particular evidence submitted by Felder concerning delay in the prison's transmittal of the District Court's May 15, 2018 order, we are not inclined to dismiss this appeal as untimely. See United States v. Muhammud, 709 F.3d 109, 111 (3d Cir. 2012) ("The time limit for filing a criminal appeal set forth in Rule 4(b) is rigid but not jurisdictional, and may be waived if not invoked by the government.").

seeking relief under § 3582(c)(2) can obtain a modification of his sentence. "First, the sentence must have been 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2)). "Second, the sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" Id. (again quoting 18 U.S.C. § 3582(c)(2)). If a defendant fails to satisfy either requirement, a district court may not consider a sentence reduction. United States v. Savani, 733 F.3d 56, 61 (3d Cir. 2013).

Felder focuses on the first eligibility requirement in arguing that the District Court's adverse determination of § 3582(c)(2) eligibility was error.[5] His argument proceeds in three steps: (1) the District Court sentenced him using the advisory Guidelines range set by the Drug Guideline, see Felder Br. at 14; (2) that range would have been lower if Amendment 782 were then in effect, see Felder Br. at 11; and (3) the District Court is permitted to modify his sentence using the lower range, see Felder Br. at 12. If we were considering only the first eligibility requirement, Felder's argument might have some logical force. Cf. Koons v. United States, 138 S. Ct. 1783, 1789 (2018).

But we must also consider the second eligibility requirement for § 3582(c)(2) relief, which Felder does not satisfy insofar as a sentence reduction under Amendment

---

[5] Insofar as Felder takes issue with the District Court's rationale in the decision granting his first § 3582(c)(2) motion, see, e.g., Felder Br. at 7, that ruling is not properly before the Court in this appeal.

5

782 would be inconsistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence reduction is inconsistent with stated Sentencing Commission policy if, for example, the newly retroactive Guidelines amendment relied on by the defendant "does not have the effect of lowering [his] applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), which circumstance may occur "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added). The phrase "applicable guideline range" is defined in the Guidelines as the range "that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)." See id. A determination under § 1B1.1(a) would include, among other things, assessing the impact of a defendant's career offender status. See U.S.S.G. § 1B1.1(a)(6); cf. U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

As a practical matter, Felder's status as a career offender resulted in his "applicable guideline range" under the Career Offender Guideline and limited relief during his first § 3582(c)(2) proceedings when the District Court had to reassess the base offense level in light of Amendment 706.[6] Continued operation of Felder's status as a

[6] Felder contends that application of the Career Offender Guideline to his § 3582(c)(2) proceedings is merely 'hypothetical' because he was never sentenced as a career offender. See Felder Br. at 12; see also Felder Reply Br. at 2. Felder is incorrect: There is no doubt that the District Court at sentencing designated him a career offender.

career offender, which now as before mutes the effect of any new amendments to the Drug Guideline (including Amendment 782), is consistent with Sentencing Commission policy as expressed in § 1B1.10. Relief would not be. Therefore, the District Court was correct to deny Felder's § 3582(c)(2) motion and his motion for reconsideration, and we will affirm the judgment below.[7]

---

[7] We acknowledge Felder's filing under Fed. R. App. P. 28(j), in which he cites the First Step Act of 2018, S. 756, 115th Cong. § 401 (2018). That new law, however, has no bearing on this particular appeal.