**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2765
_____

UNITED STATES OF AMERICA,

v.

WILLIAM H. NOBLE,
a/k/a/ BILL,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1-18-cr-00309-001)
District Judge: Honorable Joseph H. Rodriguez
_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 25, 2023

(Filed:  May 5, 2023)

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*
_____

OPINION[1]
_____

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RENDELL, *Circuit Judge.*

Appellant William Noble, while serving a sentence for a 2012 conviction for possessing child pornography, conspired with other inmates to distribute and possess child pornography inside a federal prison. He was convicted by a jury of five counts related to this conspiracy and the District Court later imposed a sentence within the Sentencing Guidelines range. Noble appeals his sentence as substantively unreasonable. We discern no error and will affirm.

I.

As we write for the parties who are well acquainted with the facts of this case, we set forth the following background only as necessary to resolve this appeal.

While serving a sentence at Federal Correctional Institution Fort Dix,[2] Noble conspired with at least two other inmates to distribute and possess child pornography. Noble, along with his coconspirators, used contraband cell phones to access the internet and transfer images and videos depicting child abuse and other child pornography onto micro-SD cards, which are small digital storage devices. These micro-SD cards were then distributed within FCI-Fort Dix.

The FBI learned of this conspiracy in 2016 after the Bureau of Prisons intercepted a thumb drive containing child pornography. During its investigation, the FBI was approached by an inmate with information about the child pornography network. This

---

[2] Noble was serving a sentence of imprisonment for a 2012 conviction from the District of Massachusetts for the possession of child pornography. In 2015, Noble was also convicted by a state court for indecent battery and rape of a child under fourteen.

inmate, at the direction of the FBI, recorded a conversation he had with Noble while the inmate attempted to purchase a micro-SD card containing child pornography. In this conversation Noble described images and videos that the FBI later discovered on the micro-SD card. The micro-SD card contained approximately 2,471 photographs and ninety-five videos of child pornography.

On February 5, 2018, the FBI spoke with Noble and he confessed. Still, Noble pleaded not guilty and proceeded to a trial in which a jury ultimately found him guilty on all five counts as charged.

At sentencing, there was no dispute over the Probation Office's calculation of Noble's base offense level, criminal history category, or Guidelines range. Thus, the District Court concluded that the base offense level was 40 with a Criminal History Category IV and a resulting Guidelines range of 360 months to life. Applicable statutory maximum sentences, however, altered the Guidelines range to 360 to 1,920 months. And because Noble had prior convictions, he faced mandatory minimum sentences of varying lengths.

Having established the Guidelines range, the District Court reviewed each of the 18 U.S.C. § 3553(a) factors. Among other factors, the District Court focused on the seriousness of the offense and noted the particularly explicit nature of the photographs and videos Noble had been trafficking in prison. The District Court also recounted the history and characteristics of Noble, who had been convicted of two other offenses involving the exploitation of children. And by Noble's own admission, he was abused as a child but attempts at treatment had not stopped him from committing his crimes.

3

Having considered the Presentence Investigation Report, briefing, oral argument, and Noble's allocution, the District Court ultimately sentenced Noble to 480 months of imprisonment on each of Counts I, II, and III and a term of 120 months on Count V. These sentences were to run concurrently. Count IV merged with Count II, as it was a lesser included offense. The District Court also imposed five-year terms of supervised release as to Counts I through III and a concurrent three-year term as to Count V. Noble timely appealed.

II.[3]

Noble presents one issue on appeal: whether his sentence is substantively unreasonable. We may presume that a sentence within the Guidelines range is substantively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *Handerhan*, 739 F.3d at 119-20. We will not reverse a sentence as substantively unreasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Noble's sentence falls within the advisory guideline range of 360 to 1,920 months, and, thus, we presume it to be substantively reasonable.

Noble unpersuasively urges that his sentence is substantively unreasonable for three reasons.[4] First, Noble argues his 480-month sentence is substantively unreasonable

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Rodriguez*, 855 F.3d 526, 531 (3d Cir. 2017). We review whether a sentence is substantively unreasonable for abuse of discretion. *United States v. Handerhan*, 739 F.3d 114, 119 (3d Cir. 2014).
[4] Noble raises what may be a fourth procedural argument when he suggests "that the court was simply checking 3553(a) boxes rather than affording meaningful

4

because it is the equivalent of a life sentence given his age. Second, Noble claims his sentence is substantively unreasonable given the disparate sentences of his codefendants. Third, Noble argues his sentence is substantively unreasonable because the District Court did not give his history of being sexually abused as a child due weight.

A.

Noble first argues that a 480-month sentence is substantively unreasonable because he is fifty-seven years old. The mere fact a defendant may not survive beyond his prison sentence does not make the sentence substantively unreasonable. *United States v. Ward*, 732 F.3d 175, 186 (3d Cir. 2013). Moreover, Noble raised this concern during the sentencing hearing, but the District Court nonetheless imposed a sentence based on the seriousness of the offenses, Noble's history and characteristics, and the need to protect the public.

B.

Next, Noble argues that his sentence is substantively unreasonable because the length of his sentence creates a disparity "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In support of this argument, Noble points to the disparity between his sentence and those of his codefendants.[5] However, "[a] criminal defendant has no constitutional right to be given a

---

consideration." Appellant's Br. 13. We disagree. The record reflects that the court gave meaningful consideration to all § 3553(a) factors.

[5] All seven of Noble's codefendants pleaded guilty, six of whom received sentences ranging from 120 to 188 months. Codefendant Christopher Roffler was awaiting sentencing at the time of Noble's sentencing hearing.

5

sentence equal in duration to that of his or her co-defendants" and a "disparity of sentence between co-defendants does not of itself show an abuse of discretion." *United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001) (internal citations omitted).

Further, § 3553(a)(6) requires that the sentencing court avoid "unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), only among defendants who are "*similarly situated*," *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006) (emphasis added). The defendant bears the "burden of demonstrating similarity by showing that other defendants' circumstances exactly parallel[] his." *United States v. Lacerda*, 958 F.3d 196, 215 (3d Cir. 2020) (internal citation omitted). Noble failed to meet this burden.[6] He relies solely on his codefendants' participation in the same conspiracy to show similarity but otherwise points to no similarity among their respective criminal histories. Thus, Noble's sentence is not substantively unreasonable merely because it is not the same as his codefendants'.

## C.

Lastly, Noble argues that his sentence is substantively unreasonable because the District Court did not consider that he was sexually abused as a child. The District Court was aware of Noble's victimization as a child, but did not find it to be particularly

---

[6] Despite having no obligation to consider the sentences imposed on his codefendants, the District Court made note of the sentences received by "others similarly involved in this type of activity" and noted that the codefendants' sentences each reflect the history, characteristics, and nature of the offense and all the other things that must be considered. App. 128; *see Lacerda*, 958 F.3d at 215 (explaining that "a court should not consider sentences imposed on defendants in other cases in the absence of such a showing [of similarity] by a party") (internal quotation and citation omitted).

persuasive. The fact that the District Court did not give this mitigating factor the weight Noble urged does not render his sentence unreasonable. *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007).

## III.

For these reasons, we will affirm the judgment of conviction and sentence.