**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2834
_____

UNITED STATES OF AMERICA

v.

JOSHUA WILLIAMS,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00195-001)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 21, 2023

Before: HARDIMAN, PORTER and FISHER, *Circuit Judges*.

(Filed: May 11, 2023)
_____

OPINION[*]
_____

**FISHER**, *Circuit Judge*.

Joshua Williams pleaded guilty to robbery of a pharmacy and a motor vehicle, as

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

well as possession with intent to distribute Schedule II controlled substances. The District Court imposed a 151-month sentence and ordered Williams to pay Rite Aid Pharmacy $54,794 in restitution. He appeals his sentence. We will affirm.[1]

Williams argues the District Court erred when it failed to grant a departure or variance based on his post-offense rehabilitation. Specifically, he points to thirty-four certificates of rehabilitation he obtained, as well as an intensive substance abuse program he created, all while incarcerated. Post-conviction rehabilitation efforts may constitute a sufficient factor warranting a downward sentencing departure, so long as the efforts are "so exceptional as to remove the particular case from the heartland in which the acceptance of responsibility guideline was intended to apply."[2] But, as the Government rightly argues, we lack jurisdiction to review the District Court's discretionary denial of a downward departure.[3] We maintain jurisdiction only to review the procedural and substantive reasonableness of Williams's sentence.[4]

If Williams is disputing the procedural reasonableness of his sentence—by arguing the District Court "summarily dismissed" his post-offense rehabilitation evidence—he fails. A sentence is procedurally reasonable so long as the sentencing court "(1) correctly

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review challenges to a defendant's sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

[2] *United States v. Yeaman*, 248 F.3d 223, 227 (3d Cir. 2001) (citation omitted).

[3] *See United States v. Rodriguez*, 855 F.3d 526, 532 (3d Cir. 2017).

[4] *Id.* at 531–32.

calculated the defendant's advisory Guidelines range; (2) appropriately considered any motions for a departure under the Guidelines; and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)."[5]

The District Court did not plainly err. The Court identified and reviewed Williams's evidence of post-offense rehabilitation. When the Court denied Williams's downward departure motion, it acknowledged that his post-offense rehabilitation was "admirable," but that his efforts were not "so exceptional or extraordinary as to remove the defendant's case from the heartland and warrant a downward departure."[6] Similarly, the Court meaningfully considered Williams's post-offense rehabilitation before it denied Williams's motion for a variance.[7] It evaluated Williams's post-offense rehabilitation efforts under the 18 U.S.C. § 3553(a) factors, stating the testimony from Williams's friends and family about his rehabilitation "weighed heavily" in its decision.[8] Thus, Williams's sentence is procedurally reasonable.

If Williams is challenging the substantive reasonableness of his sentence, he still fails. In evaluating substantive reasonableness, we consider "whether the record as a

---

[5] *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014). We review for plain error because Williams did not object "at the time the procedural error [was] made, *i.e.*, when [his] sentence [was] imposed." *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014).

[6] App. 184.

[7] A court's statement of reasons may be "brief but legally sufficient" if the record makes clear the sentencing judge listened to each argument and considered the supporting evidence. *Rita v. United States*, 551 U.S. 338, 358 (2007).

[8] App. 193.

whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[9] We will affirm a sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[10] A sentence within a properly calculated Guidelines range is presumed to be substantively reasonable.[11] Williams's sentence was at the bottom of the Guidelines range and the Court explained how the § 3553(a) factors influenced its sentencing decision. Thus, Williams's contention that the Court should have weighed the § 3553(a) factors differently and given more weight to his post-offense rehabilitation falls flat.

Williams also challenges the District Court's $54,794 restitution order. He argues the Government provided insufficient evidence to substantiate the amount of restitution, and the Court should have ordered restitution for amount of the lost profits, not the retail price. We review this issue for plain error.[12] Williams says he challenged the amount of restitution and its lack of evidentiary sufficiency in his Sentencing Memorandum, which was filed a few days before sentencing. But there, he argued that the actual loss amount could not be determined because the PSR was missing the required documentation. While this may be construed as a sufficiency of the evidence argument, it was not a challenge to

---

[9] *Tomko*, 562 F.3d at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

[10] *Id.*

[11] *Rita*, 551 U.S. at 347.

[12] *United States v. Coates*, 178 F.3d 681, 683 (3d Cir. 1999).

the amount of restitution. Regardless, the arguments in Williams's Sentencing Memorandum were not preserved for appeal: Williams did not raise the amount of restitution or the evidentiary sufficiency arguments in his objections to the PSR, as required—and despite objecting to other sections of the PSR.[13] Additionally, when the Government averred at Williams's change-of-plea hearing that "[t]he loss to the pharmacy was approximately $55,000, based on the amount of the substances taken," Williams admitted this amount was accurate.[14] Thus, we review the restitution issue for plain error.

Williams fails to show the District Court plainly erred in ordering restitution for $54,794 or in accepting the Government's evidence of loss. This amount was listed in the PSR and was taken from a Drug Enforcement Administration Form 106. On the DEA Form 106, Rite Aid itemized every dose of controlled substance taken during the armed robbery, which equaled a "[p]urchase value" of $54,793.96.[15] Williams does not, and cannot, show that the DEA Form 106—and the $54,794 listed on it—was plainly unreliable as the basis for the restitution amount or was insufficient evidence of loss.

---

[13] Fed. R. Crim. P. 32(f)(1) ("Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."). *See also United States v. Foster*, 891 F.3d 93, 113–14 (3d Cir. 2018) ("[A] sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." (citation omitted)).

[14] Supp. App. 127–29.

[15] Supp. App. 1–6.

Thus, Williams fails to show that the District Court plainly erred when it accepted the PSR's averment that the controlled substances he stole cost Rite Aid $54,794.

Finally, Williams argues he should not have been designated a career offender because the convictions substantiating that designation—obtained from pleas he entered in five different cases on the same day—should have counted as only one prior conviction, not the two required to be a career offender.[16] Williams is wrong under the intervening arrest rule: "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."[17] He claims that the intervening arrest rule is arbitrary and "[a]rbitrariness raises [d]ue [p]rocess concerns."[18]

This issue is reviewed for plain error because Williams did not contest the intervening arrest rule's constitutionality below. Plain error review requires that Williams establish: (1) there was an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error affects the fairness, integrity, or public reputation of judicial proceedings.[19]

It is unclear the specific error that Williams is asserting, but we can assume he

---

[16] *See* U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

[17] *Id.* § 4A1.2(a)(2).

[18] Appellant's Br. 14.

[19] *United States v. Duka*, 671 F.3d 329, 354–55 (3d Cir. 2011).

broadly argues the District Court erred in applying the intervening arrest rule because the rule is arbitrary. But asserting that the rule is arbitrary because it hinges on when police decide to charge a defendant of certain crimes—one by one or all at once "after the last of the events"—is insufficient to show an error occurred here.[20]

Even if Williams was able to show an error occurred, the error was not plain. The only support Williams provides is his citation to *United States v. Calabretta*, where we found a different Guideline's residual clause violated due process because it was unconstitutionally vague and would lead to "arbitrary enforcement."[21] But *Calabretta* discusses vagueness, not arbitrariness. And even so, a litigant can no longer challenge the Guidelines on vagueness grounds because "[t]he advisory Guidelines also do not implicate the vagueness doctrine's concern with arbitrary enforcement."[22] Williams cannot point to supporting authority that the intervening arrest rule is arbitrary and thus violates due process—and we have found none—so the error cannot be plain. Thus, the District Court did not plainly err in applying the intervening arrest rule and designating Williams as a career offender.

For these reasons, we will affirm.

---

[20] Appellant's Br. 14.

[21] 831 F.3d 128, 136–37 (3d Cir. 2016) (abrogated by *Beckles v. United States*, 580 U.S. 256 (2017)).

[22] *Beckles*, 580 U.S. at 266.