AMENDED CLD-066                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2778
_____

UNITED STATES OF AMERICA

v.

ANDRE COOPER, a/k/a DRE,
                                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Action No. 2:01-cr-00512-005)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 16, 2025
Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed February 26, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre Cooper appeals the denial of his motion for compassionate release. The Government moves for summary affirmance. Because this appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2006, Cooper was found guilty after a jury trial of three counts of murder in aid of racketeering and numerous other charges. Cooper received three consecutive life sentences for the murders and concurrent and consecutive sentences totaling 30 years on his other convictions. His most recent petition for a reduction of his sentence alleged that a combination of factors create "extraordinary and compelling" reasons justifying his release under 18 U.S.C. § 3582(c)(1)(A)(i): that he was young when he committed the crimes, that his sentence is out of step with similarly situated defendants around the country, that his sentence is unusually long and there have been relevant changes in the law, and that he has engaged in extensive rehabilitation since his incarceration. The District Court disagreed, holding that his proffered reasons were not extraordinary and compelling, and that even if they were, relief was not justified after consideration of the sentencing factors under 18 U.S.C. § 3553(a). Cooper timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of compassionate release for an abuse of discretion and will not disturb the decision "unless there is a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the

2

relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (quotation marks omitted).

A district court has discretion to "reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must also consider the sentencing factors provided in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1); the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. § 3553(a)(6).

The District Court did not abuse its discretion when it determined that, even if Cooper had presented sufficiently extraordinary and compelling reasons for his release, consideration of the sentencing factors under § 3553(a) warranted his continued incarceration. The District Court acknowledged Cooper's "remorse and rehabilitation," as well as his exemplary disciplinary record while in prison, but emphasized that his "crimes were particularly heinous" as he was "responsible for or involved in three murders," and

3

determined that his release therefore would not "reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct." Opinion at 14. It also distinguished between Cooper's offenses and those of defendants around the country convicted of similar crimes who have received sentence reductions due in part to their youth, id. at 8-9, and determined that the disparity between his sentence and those of his co-defendants was not "forbidden" because it was "justified by legitimate considerations such as cooperation or acknowledgement of guilt." Id. at 10. Because the District Court clearly weighed all relevant factors and considered Cooper's arguments, this was not an abuse of discretion.[1] See United States v. Rodriguez, 855 F.3d 526, 533 (3d Cir. 2017) ("This weighing and consideration of multiple factors, expressly left to a court's discretion, is exactly the type of reasoned appraisal to which we defer on review." (quotation marks omitted)).

We therefore grant the Government's motion for summary action and will affirm the District Court's judgment.[2]

---

[1] Though Cooper argues otherwise, our decision in United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024), has no bearing on the outcome of this case because our affirmance is based on the District Court's application of the § 3553 factors, not an analysis of whether extraordinary and compelling reasons warrant a sentence reduction.
[2] In light of this disposition, we also grant the Government's request to be relieved of its obligation to file a brief.