**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2444
_____

UNITED STATES OF AMERICA

v.

JAKOB GUCU,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:20-cr-00122-001)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 28, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: May 27, 2025)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Jakob Gucu appeals the District Court's refusal to modify his sentence under 18 U.S.C. § 3582(c)(2). We will affirm.[1]

Gucu contends "[t]he District Court . . . abused its discretion by failing to direct the parties to address [his] post-sentencing conduct" in fuller briefing on the application of the 18 U.S.C. § 3553(a) factors. Opening Br. 11. When evaluating whether to modify a sentence under § 3582(c)(2), a district court "shall consider the nature and seriousness of the danger to any person or the community," and it "may consider post-sentencing conduct of the defendant." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017) (quoting U.S.S.G. § 1B1.10, cmt. n.1(B)(ii)–(iii)). The procedures it employs to conduct that analysis, though, are a matter of discretion. *See United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009).

As the original sentencing court, the District Court already "was familiar with the facts of [Gucu's] case" and was therefore "in the best position to determine whether" additional briefing was needed. *Id.* Because it had already considered the § 3553(a) factors at sentencing and opted not to rely on post-sentencing conduct, the Court was within its discretion to decide Gucu's § 3582(c)(2) motion without additional briefing on those same factors. *See id.*; *cf. United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009).

Accordingly, we will affirm.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012).

2